UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| OLGA A.,[1]<br><br>            Plaintiff,<br><br>       v.<br><br>MARTIN O'MALLEY,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>            Defendant. | Case No. 2:22-cv-08077-FWS-MRW<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE [34] AND OVERRULING OBJECTION [35]** |

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## I. Introduction and Relevant Procedural History

Before the court is the Magistrate Judge's June 25, 2024, Report and Recommendation ("Report and Recommendation"), (Dkt. 34), regarding the "Complaint – Social Security Appeal," (Dkt. 1 ("Complaint"), filed by Plaintiff Olga A. ("Plaintiff"). Based on the state of the record, as applied to the applicable law, the court adopts the Report and Recommendation issued by the Magistrate Judge, including each of the findings of fact and conclusions of law therein.

On November 4, 2022, Plaintiff filed the Complaint. (Dkt. 1.) On June 28, 2023, Defendant Martin O'Malley, Commissioner of Social Security ("Defendant"),[2] filed an answer to the Complaint. (Dkt. 17.) On June 28, 2023, Defendant filed the Certified Administrative Record. (Dkt. 18.) On February 1, 2024, Plaintiff and Defendant filed the Joint Stipulation on Behalf of Both Parties ("Joint Stipulation"), that included the case's factual background, a statement of disputed issues, and the relief requested by the respective parties. (Dkt. 30.) More specifically, in the Joint Stipulation, Plaintiff seeks the following relief:

> [T]his Court should remand this case in accordance with the fourth sentence of 42 U.S.C. § 405(g) with instructions to: (1) find that Plaintiff's conversion disorder lasted twelve months and assess the impact of this impairment on her ability to work; (2) reassess the severity of Plaintiff's mental impairments; (3) reassess Plaintiff's RFC; (4) reassess Plaintiff's subjective symptoms; and (5) issue a new decision.

---

[2] During the earlier stages of the case, including at the time of the filing of the Complaint and Answer, the defendant was Kilolo Kijazazi, who has subsequently been superseded by Defendant Martin O'Malley, Commissioner of Social Security.

(*Id*. at 42-43.)  On the other hand, Defendant requests that "[t]his Court should affirm the Commissioner's final decision, as the ALJ decision is free from harmful, legal error and supported by substantial evidence." (*Id*. at 43.)  On February 22, 2024, Plaintiff filed the Notice of Filing Exhibits ("Notice of Filing Exhibits"), which included four exhibits that "were inadvertently not attached to the filed Joint Stipulation." (Dkt. 32.)

On June 25, 2024, the Magistrate Judge filed the Report and Recommendation. (Dkt. 34.)  Objections to the Report and Recommendation were due by July 9, 2024. (*See* Dkt. 33.)  On July 9, 2024, Plaintiff filed an Objection to the Report and Recommendation, (Dkt. 35) ("Objection")).

**II.    Analysis**

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions").  Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").  Where no objection has been made, arguments challenging a finding are deemed waived. *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").  Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the

same arguments carefully considered and rejected by the Magistrate Judge." *Chith v. Haynes*, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

In the Report and Recommendation, the Magistrate Judge recommends "that the District Judge issue an order: (1) accepting the findings and recommendations in this Report; (2) affirming the ALJ's decision; and (3) entering judgment in favor of the agency." (Dkt. 34 at 10.) In the Objection, in summary, Plaintiff objects to: (1) the "Magistrate Judge's Proposed Holding that the ALJ committed no error evaluating [Plaintiff's] conversion disorder;" and the "Magistrate Judge's proposal that the ALJ did not reversibly err in evaluating 'Plaintiff's credibility.'" (Dkt. 35 at 2-8.) In conclusion, Plaintiff states, "Based on the foregoing, as well as the arguments articulated in Plaintiff's brief, this Court should grant [Plaintiff's] motion for summary judgment, deny the Commissioner's motion, reverse the Commissioner's decision and remand this case in accordance with the fourth sentence of 42 U.S.C. § 405(g)." (*Id*. at 8.)

In this case, after conducting a *de novo* review of the Objection, the court agrees with each of the findings of fact and conclusions of law set forth in the Report and Recommendation, including the recommendations that "that the District Judge issue an order: (1) accepting the findings and recommendations in this Report; (2) affirming the ALJ's decision; and (3) entering judgment in favor of the agency." (Dkt. 34 at 10.) Accordingly, the Objection is **OVERRULED** on the merits.

In sum, pursuant to 28 U.S.C. § 636, the court has reviewed the record, including the Report and Recommendation, the Complaint, the Answer, the Joint Stipulation, the Notice of Filing Exhibits, the Objection, and the other records of the case. After conducting a *de novo* determination of the Report and Recommendation, including the specific portions to which the Objection pertains, the court concurs with and accepts the findings and conclusions of the Magistrate Judge in the Report and Recommendation.

### III.  Conclusion

Based on the state of the record, as applied to the applicable law, the court adopts and the Report and Recommendation, and accepts each of the findings of fact and conclusions of law therein.  Accordingly, the court affirms the ALJ's decision, and enters judgment in favor of the agency.

**IT IS SO ORDERED**.

Dated:  August 5, 2024

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE